1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MANUEL VICENTE AVILA ORTEGA, | No. 1:26-cv-01798-DAD-SCR |
|---|---|
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| CHRISTOPHER CHESTNUT et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 2) |

On March 5, 2026, petitioner filed a petition for writ of *habeas corpus* and a motion for temporary restraining order. (Doc. Nos. 1, 2.) On the same day, the court issued an order directing respondents to file an opposition to the pending motion for temporary restraining order in which respondents "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 5.) On March 6, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 7.) Their sole argument therein is that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 1.)

1

1 However, respondents also concede that "there are no significant factual or legal issues in this
2 case that materially distinguish it from the cases identified in the [court's] Order." (*Id.* at 1.)
3 Respondents have also requested that the court rule on the merits of the underlying petition based
4 upon the briefing already submitted by the parties. (*Id.*)

5 Petitioner is a native and citizen of Venezuela, who entered the United States on or about
6 June 15, 2021, where he was briefly detained by immigration officials.[1] (Doc. No. 2-3 at 28.) On
7 July 23, 2021, petitioner was released from immigration custody on parole. (Doc. No. 2-3 at 21.)
8 Petitioner alleges that he was re-detained by immigration officials on July 18, 2025, and was
9 subsequently re-released from custody on September 29, 2025 with an electronic ankle monitor
10 and with regular check-in requirements pursuant to the Intensive Supervision Appearance
11 Program. (Doc. No. 2-4 at ¶¶ 2–6.) Petitioner further alleges that he remained fully compliant
12 with the conditions of his release. (*Id.* at ¶ 7.) Despite this compliance, on December 7, 2025,
13 petitioner was re-detained by ICE officials without any explanation after he was instructed to
14 report in person to an Immigration and Customs Enforcement ("ICE") office. (*Id.* at ¶¶ 8–13.)
15 Petitioner has remained in detention since then, and is currently detained at the California City,
16 California detention center. (Doc. No. 1 at ¶ 5.)

17 Having considered the circumstances surrounding petitioner's detention and the parties'
18 arguments, the court finds instructive its prior order in *Ayala Cajina*, where the court held that
19 respondents' re-detention of an individual without a hearing before a neutral adjudicator where
20 the individual was previously released from their custody violated due process. *Ayala Cajina*,
21 2025 WL 3251083, at *2–5. Therefore, the court adopts the reasoning outlined in *Ayala Cajina*
22 and concludes that petitioner's detention violates due process.
23 /////
24 /////
25

---

26 [1] Petitioner alleges in the petition and in the motion for temporary restraining order that he entered the United States on June 25, 2021. (Doc. Nos. 1 at ¶ 15; 2-1 at 3.) However, a transcript
27 of an interview that petitioner had with United States Citizenship and Immigration Services in July 2025 reveals that petitioner last entered the United States on June 15, 2021 and was
28 apprehended by immigration officials on the same day. (Doc. No. 2-3 at 28.)

Accordingly, for the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention on or about December 7, 2025;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a flight risk or danger to the community by clear and convincing evidence;

    c. Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is denied without prejudice to renewal upon a properly noticed and supported motion.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: __**March 6, 2026**__         ___*Dale A. Drozd*___
                                     DALE A. DROZD
                                     UNITED STATES DISTRICT JUDGE